UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23051-GAYLES

**GHF AMERICA CORP.**,

 Plaintiff,

v.

**CONTINENTAL CASUALTY COMPANY**,

 Defendant.

_____

## **ORDER**

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Remand to State Court in Opposition to Defendant's Notice of Removal (the "Motion") [ECF No. 7]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## BACKGROUND

According to the allegations set forth in the Complaint [ECF No. 1-2] and Notice of Removal [ECF No. 1], Defendant Continental Casualty Company issued Plaintiff GHF America Corp. an insurance policy providing coverage for Plaintiff's frozen yogurt business (the "Policy"). After the State of Florida's Office of the Governor limited the operation of food establishments due to the SARS-CoV-2 ("Covid") pandemic, Plaintiff sustained business losses. Plaintiff submitted a claim under the Policy, and Defendant denied the claim.

On June 16, 2020, Plaintiff filed this one-count declaratory relief action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-2]. The Complaint alleges damages in excess of $15,000. [*Id.* ¶ 1]. Defendant removed the action to federal court on July 23,

2020, on the basis of diversity jurisdiction [ECF No. 1]. On August 21, 2020, Plaintiff moved to remand arguing Defendant failed to establish that the amount in controversy exceeds $75,000. As evidence of the amount in controversy, Defendant relies on (1) an email from Plaintiff which states that Florida's Covid-related restrictions on food establishments caused Plaintiff's "monthly sales [to go] from more than $30,000 to nothing" [ECF No. 1-6]; (2) a conversation between Plaintiff's counsel and Defendant's counsel where Plaintiff's counsel stated that the amount at issue in this litigation "is not in the millions, but it is definitely over six figures" [ECF No. 10-1 at 1]; (3) Plaintiff's potential attorney's fees; (4) Plaintiff's potential bad faith claims; and (5) Plaintiff's refusal to sign a stipulation as to the amount in controversy.[1]

## LEGAL STANDARD

28 U.S.C. § 1441 permits a defendant to remove a civil case filed in state court to federal court if the federal court has diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires fully diverse citizenship of the parties and an amount in controversy over $75,000, "assessed at the time of removal." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *see also* 28 U.S.C. § 1332(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a)).

However, if there is a dispute regarding the amount in controversy, the burden rests on the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 88 (quoting 28 U.S.C. § 1446(c)(2)(B)). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88-89. "If at any time before final judgment it

---

[1] Defendant raised the conversation with Plaintiff's counsel, the potential bad faith claim, and Plaintiff's refusal to stipulate as to an amount of damages for the first time in its response to the Motion. [ECF No. 10].

appears that the district court lacks subject matter jurisdiction," e.g., because the amount in controversy requirement has not been satisfied, "the case shall be remanded." 28 U.S.C. § 1447(c). The Court must construe the removal statutes narrowly and resolve any doubt against removal, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), but it must be "equally vigilant" in protecting the right to proceed in federal court as it is in permitting a state court to retain its jurisdiction, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010) (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)).

## ANALYSIS

Because diversity of citizenship is not in dispute,[2] and the amount of controversy is not "facially apparent from the complaint,"[3] the only issue for the Court is whether Defendant has established that the amount in controversy exceeds $75,000. *Id.* at 754. In making this determination, the Court may consider the facts alleged in the notice of removal and "declarations, or other documentation" submitted by the Defendant to satisfy its burden. *Id.* at 755. Here, Defendant proffers two pieces of evidence: (1) the email from Plaintiff [ECF No. 1-6], and (2) an affidavit from Defendant's counsel attesting to the conversation with Plaintiff's counsel [ECF No. 10-1]. Defendant also contends that Plaintiff's attorney's fees and potential bad faith claims push the amount in controversy over the jurisdictional threshold. Finally, Defendant argues that Plaintiff's failure to stipulate to the amount in controversy warrants denial of the Motion. The Court disagrees.

---

[2] Plaintiff is a Florida corporation; Defendant is an Illinois corporation. [ECF No. 1 at 2-3].
[3] Plaintiff's Complaint does not support removal as it only claims damages in excess of $15,000 [ECF No. 1-2]. *See Green v. Travelers Indem. Co.*, No. 3:11-cv-922, 2011 WL 4947499, at *2 (M.D. Fla. Oct. 18, 2011) (finding the complaint did not support removal because "it only contains a bare recital of the state court's jurisdictional limits").

### I. Defendant Fails to Establish the Amount in Controversy by a Preponderance of the Evidence.

"Evidence that may be considered in determining whether the amount in controversy is satisfied includes . . . settlement offers, interrogatory responses, deposition testimony, demand letters, and emails estimating damages." *Wheeler v. T-Mobile USA*, No. 8:16-cv-1299, 2016 WL 11493326, at *1 (M.D. Fla. Aug. 3, 2016) (citing *Pretka*, 608 F.3d at 751, 755). Defendant argues that the alleged fair value of Plaintiff's claim is sufficient to exceed the jurisdictional threshold. As evidence for this assertion, Defendant points to Plaintiff's email stating that "monthly sales went from more than $30,000 to nothing," [ECF No. 1-6], and Plaintiff's counsel's statement that the amount at issue for the litigation "is not in the millions, but it is definitely over six figures" [ECF No. 10-1].

Defendant's evidence is too speculative to establish that the amount in controversy exceeds $75,000. In *Jenkins v. Myers*, the court found that a plaintiff's pre-suit demand letter was insufficient to establish the amount in controversy because it constituted a "general blanket statement requesting maximum amounts from [the] [d]efendant's insurance policy." No. 8:16-cv-00344, 2016 WL 4059249, at *4 (M.D. Fla. July 27, 2016); *see also Golden v. Dodge-Markham Co., Inc.*, 1 F. Supp. 2d 1360, 1366 (M.D. Fla. 1988) (concluding plaintiff's pre-suit settlement demand letter was not an "honest assessment of damages"). Similar to the demand letter in *Jenkins*, Plaintiff's pre-suit email does not establish the amount Plaintiff seeks to recover; rather, it lists the government restrictions that caused Plaintiff's monthly sales to drop. As a result, this evidence is mere "conjecture, speculation, or star gazing" and will not be considered as evidence of the amount in controversy. *Pretka*, 608 F.3d at 754.

Moreover, Plaintiff's counsel's alleged statement to Defendant's counsel about Plaintiff's losses being in the "six figures" is puffery without some evidence to support it, and is, therefore, insufficient to prove that the amount in controversy exceeds $75,000. *See Wadsworth v. Federal Ins. Co.*, No. 6:18-cv-1445, 2018 WL 6977332, at *4–5 (M.D. Fla. Dec. 6, 2018) (holding that counsel's comment during a phone call that Plaintiffs were seeking "several hundred thousand dollars" in damages, was "puffery" insufficient to demonstrate that the requisite amount in controversy exceeded the jurisdictional amount), *report and recommendation adopted*, No. 6:18-cv-1445, 2019 WL 118046 (M.D. Fla. Jan. 7, 2019).

## II.   Attorney's Fees Are Calculated at the Time of Removal.

Defendant also argues that Plaintiff's attorney's fees push the amount in controversy over the jurisdictional threshold. Although there is a split in authority on when to consider attorney's fees to determine whether the amount in controversy is satisfied, *Brown v. Am. Exp. Co., Inc.*, No. 09-61758-CIV, 2010 WL 527756, at *7 (S.D. Fla. Feb. 10, 2010), this Court agrees that the proper method to do so is by calculating attorney's fees as accumulated at time of removal—and no further. *E.g.*, *Coopersmith v. Scottsdale Ins. Co.*, No. 18-cv-23382, 2019 WL 1252627, at *2 (S.D. Fla. Mar. 19, 2019) ("Attorney's fees as calculated at the time of removal may be included in the amount in controversy.") (citing *Hannat v. USAA Gen. Indem. Co.*, No. 17-cv-21754, 2017 WL 4712667, at *2–3 (S.D. Fla. Oct. 19, 2017)); *Vigliarolo v. Geico Gen. Ins. Co.*, No. 13-cv-80767, 2014 WL 2195198, at *1 (S.D. Fla. May 27, 2014) ("[A] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." (quoting *Pretka*, 608 F.3d 744, 751 (11th Cir. 2010))). Under this standard, there is no basis to find that Plaintiff's attorney's fees at removal would bring the amount in controversy above $75,000. Plaintiff's one-count Complaint, filed thirty-seven days before removal, is simple and

straight forward. Based on the relative simplicity of the Complaint and the lack of pre-removal litigation, the Court does not find that Plaintiff's attorney's fees are enough to satisfy the requisite amount in controversy.

### III.     Bad Faith Is Not Considered in the Determination of Amount in Controversy.

Defendant also argues, based on Plaintiff's filing of a civil remedy notice, that Plaintiff may potentially file a bad faith claim which should be considered in determining the amount in controversy. The Court disagrees. Plaintiff has not asserted a bad faith claim in this litigation, and "the filing of a Civil Remedy Notice is not tantamount to filing a bad faith claim." *Englemann v. Hardford Cas. Ins. Co.*, No. 8:09-cv-2274, 2009 WL 5176551, at *3 (M.D. Fla. Dec. 23, 2009). In fact, it would be premature for Plaintiff to file a bad faith claim until it prevails in this matter. *See Sarmiento v. Liberty Mutual Ins. Co.*, No. 15-20549-CIV, 2015 WL 11237019, at *3 (S.D. Fla. June 26, 2015) (concluding the count for bad faith in failing to settle the insurance claim does not accrue until the underlying claim is resolved and, thus, the count had no current value). Therefore, the Court will not consider any potential bad faith claims in determining whether Defendant can establish the requisite amount in controversy.

### IV.     Plaintiff's Failure to Stipulate Does Not Warrant Denial of the Motion to Remand.

Finally, Plaintiff asserts that Defendant's failure to stipulate to an amount in controversy is dispositive. "There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [defendant]'s burden of proof on the jurisdictional issue." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). Given that Defendant's other evidence has failed to satisfy its burden, the Court will not use Plaintiff's decision not to stipulate as the sole reason to conclude the jurisdictional threshold has been surpassed. *Cf. Ellison v. Coca-Cola Refreshments USA*, *Inc.*, No. 2:15-cv-00246, 2015 WL 6769449, at *2 (M.D. Fla. Nov. 6,

2015) (stating that the plaintiff's refusal to stipulate to the amount of damages "adds little weight" to the amount in controversy analysis). Accordingly, Defendant has failed to establish the requisite amount in controversy, and this action must be remanded for lack of subject matter jurisdiction.[4]

## CONCLUSION

Based on the foregoing it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Remand to State Court in Opposition to Defendant's Notice of Removal [ECF No. 7] is **GRANTED**.

2. This case shall be remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. The Clerk is directed to mark this case **ADMINISTRATIVELY CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of November, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[4] In its Reply, Plaintiff requests attorney's fees and costs. "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Galbis v. Praetorian Ins. Co.*, No. 18-cv-23144, 2018 WL 5918911, at *3 (S.D. Fla. Nov. 13, 2018) (quoting *Martin v. Franklin Captial Corp.,* 546 U.S. 132, 141 (2005)). The Court does not find that Defendant lacked an objectively reasonable basis for seeking removal. Therefore, Plaintiff's request for attorney's fees and costs shall be denied.